HOGAN LOVELLS US LLP
Michael M. Maddigan (Bar No. 163450)
Poopak Nourafchan (Bar No. 193379)
*Admission in district pending*
1999 Avenue of the Stars, Suite 1400
Los Angeles, California  90067
Telephone:   (310) 785-4600
Facsimile:    (310) 785-4601
michael.maddigan@hoganlovells.com

Attorneys for Defendant
UNITED HEALTHCARE SERVICES, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRIME HEALTHCARE SERVICES – SHASTA, LLC, a Delaware Corporation doing business as Shasta Regional Medical Center,<br><br>Plaintiff,<br><br>v.<br><br>UNITED HEALTHCARE SERVICES, INC., a Minnesota Corporation licensed to do business in California, and DOES 1 through 100,  Inclusive,<br><br>Defendants. | Case No.  2:16-cv-01773-KJM-CKD<br><br>**DEFENDANT UNITED HEALTHCARE SERVICES, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT**<br><br>[Judge Kimberly J. Mueller]<br><br>Date:       October 14, 2016<br>Time:       10:00 a.m.<br>Ctrm:       3<br><br>[Memorandum of Points and Authorities and Proposed Order Filed Concurrently] |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

**PLEASE TAKE NOTICE THAT** on October 14, 2016 at 10:00 a.m., or as soon thereafter as counsel may be heard, before the Honorable Kimberly J. Mueller, in Courtroom 3 of the above-entitled Court located at 501 I Street, Suite 4-200, Sacramento, CA 95814, Defendant United Healthcare Services, Inc. ("UHC") will, and hereby does, move the Court for an order dismissing with prejudice the Complaint filed by Plaintiff Prime Healthcare Services – Shasta, LLC ("Prime").

This Motion is made pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure on the grounds that, to the extent that the underlying claims at issue involve Medicare claims, this Court lacks subject matter jurisdiction to hear those claims because Prime failed to exhaust the Medicare appeals process as required by 42 U.S.C. § 405(h) of the Medicare Act prior to filing suit.

This Motion is also made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that, to the extent that the underlying claims at issue involve Medicare claims, each of Prime's claims is inextricably intertwined with the Medicare Act, which contains a broad preemption provision that bars the type of state law claims Prime is seeking to assert here.  As such, each of Prime's state law claims is preempted by the Medicare Act, 42. U.S.C. section 1395 *et seq.*, which expressly states that "The standards established under [the MA statutes] shall ***supercede any State law or regulation…with respect to MA plans*** which are offered by MA organizations…." 42 U.S.C. §1395w-26(b)(3) (emphasis added).

The Complaint also should be dismissed pursuant to Rules 8(a) and 12(b)(6) on the separate and independent grounds that it fails to state a claim upon which relief can be granted.  Specifically, Prime's basic theory that it is entitled to recover its full billable charges for the emergency and post stabilization services it renders to UHC members is not supported by the California statutes on which Prime purports to base its claims.

In addition, Prime's claims also should be dismissed because the Complaint

- 1 -   DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS

HOGAN LOVELLS US LLP
ATTORNEYS AT LAW
LOS ANGELES

fails to allege facts sufficient to state a claim for violations of California's unfair competition law, *quantum meruit*, breach of contract – third party beneficiary, breach of contract – assignment from members, or breach of the covenant of good faith and fair dealing.

This Motion is based on: this Notice of Motion and Motion; the accompanying Memorandum of Points and Authorities; the pleadings, records, and files in this action; and any argument that the Court may entertain at any hearing on this matter.

This motion is made following efforts by UHC's counsel to meet and confer. Specifically, on September 7, 2016, counsel for UHC proposed that the parties meet and confer further to address issue raised by Plaintiff's Complaint. In particular, UHC's counsel proposed that the parties meet and confer to identify (a) whether there are Medicare claims at issue, (b) whether there are other non-Medicare claims at issue, and (c) whether Prime would amend its Complaint to clarify the nature of the claims at issue. Prime's counsel responded that if the parties agree to a protective order to govern the confidentiality of information to be exchanged, Prime would provide UHC with a spreadsheet of its claims. However, Prime's counsel did not accept UHC's counsel's proposal to conduct a meet and confer processed focused on the nature of the claims and the possibility of amendment. UHC's counsel then followed up on Friday, September 9, 2016, asking if Plaintiff's counsel would be available on the morning of September 12, 2016, but Plaintiff's counsel responded on September 9, 2016 that he would not be available. On September 12, 2016, UHC's counsel sent another follow-up email to Plaintiff's counsel, reiterating the request to meet and confer. As of the time of this filing, Prime's counsel had not responded to UHC's latest request.

HOGAN LOVELLS US LLP
ATTORNEYS AT LAW
LOS ANGELES

- 2 -     DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS

| | | |
|---|---|---|
| Dated: September 12, 2016 | | HOGAN LOVELLS US LLP<br>MICHAEL M. MADDIGAN<br>POOPAK NOURAFCHAN |

By: /s/ Michael M. Maddigan, Esq.
　　Michael M. Maddigan
　　Attorney for Defendant
　　UNITED HEALTHCARE
　　SERVICES, INC.